IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| Personalweb Technologies LLC and<br>Level 3 Communications, LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>Autonomy, Inc.,<br>Hewlett-Packard Company, and<br>HP Enterprise Services, LLC,<br><br>            Defendants. | Civil Action No. 6:11-cv-683<br><br>JURY TRIAL REQUESTED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs PersonalWeb Technologies LLC ("PersonalWeb") and Level 3 Communications, LLC ("Level 3") (collectively "Plaintiffs") file this Complaint for Patent Infringement against Autonomy, Inc., Hewlett-Packard Company, and HP Enterprise Services, LLC (collectively "Defendants").  Plaintiff PersonalWeb Technologies, LLC alleges:

## PRELIMINARY STATEMENT

1.     PersonalWeb and Level 3 Communications, LLC ("Level 3") are parties to an agreement between Kinetech, Inc. and Digital Island, Inc. dated September 1, 2000 (the "Agreement").  Pursuant to the Agreement, PersonalWeb and Level 3 each own a fifty percent (50%) undivided interest in and to the patents at issue in this action: U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, 8,001,096 ("Patents-in-Suit").  Level 3 has joined in this Amended Complaint pursuant to its contractual obligations under the Agreement, at the request of PersonalWeb.

2.     Pursuant to the Agreement, Level 3 has, among other rights, certain defined rights to use, practice, license, sublicense and enforce and/or litigate the Patents-in-Suit in connection with a particular field of use ("Level 3 Exclusive Field").   Pursuant to the Agreement, PersonalWeb has, among other rights, certain defined rights to use, practice, license, sublicense, enforce and/or litigate the Patents-in-Suit in fields other than the Level 3 Exclusive Field (the "PersonalWeb Patent Field").

3.     All infringement allegations, statements describing PersonalWeb, statements describing any Defendant (or any Defendants products) and any statements made regarding jurisdiction and venue are made by PersonalWeb alone, and not by Level 3.   PersonalWeb alleges that the infringements at issue in this case all occur within, and are limited to, the PersonalWeb Patent Field.   Accordingly, PersonalWeb has not provided notice to Level 3—under Section 6.4.1 of the Agreement or otherwise—that PersonalWeb desires to bring suit in the Level 3 Exclusive Field in its own name on its own behalf or that PersonalWeb knows or suspects that Defendants are infringing or have infringed any of Level 3's rights in the patents.

## THE PARTIES

4.     PersonalWeb Technologies LLC is a limited liability company organized under the laws of Texas with its principal place of business at 112 E. Line Street, Suite 204, Tyler, Texas, 75702.   PersonalWeb was founded in August 2010 and is in the business of developing and distributing software based on its technology assets

5.     Level 3 Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

6.     PersonalWeb's infringement claims asserted in this case are asserted by PersonalWeb and all fall outside the Level 3 Exclusive Field.  Level 3 is currently not asserting patent infringement in this case in the Level 3 Exclusive Field against any Defendant.  .

7.     Defendant Autonomy, Inc. ("Autonomy") is a New Jersey Corporation with its principal executive offices at One Market, 19th Floor, Spear Street Tower, San Francisco, CA 94105.  Autonomy is qualified to do business in the state of Texas, Filing No. 0801459907 and has appointed CT Corporation System, 350 N Saint Paul St., Suite 2900, Dallas, TX 75201-4234, as its agent for service of process.

8.     Defendant Hewlett-Packard Company ("HP") is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California, 94304.   HP is qualified to do business in the state of Texas, Filing No. 0002164106 and has appointed CT Corporation System, 350 N Saint Paul St., Suite 2900, Dallas, TX 75201-4234, as its agent for service of process.

9.     Defendant HP Enterprise Services LLC ("HP Enterprise Services") is a Delaware corporation having a principal place of business at 5400 Legacy Drive, Plano, Texas, 75024-3199.  HP Enterprise Services is qualified to do business in the state of Texas, Filing No. 0801035117 and has appointed CT Corporation System, 350 N Saint Paul St., Suite 2900, Dallas, TX 75201-4234, as its agent for service of process.

10.    Autonomy, HP, and HP Enterprise Services make and distribute storage and software products, and offers storage and software services, to consumers in the United States and, more particularly, in the Eastern District of Texas.

**JURISDICTION AND VENUE**

11.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

12.   Venue against the Defendants is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).  PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas.  A substantial part of the events giving rise to the asserted claims occurred in this judicial district, Defendants transact business in this judicial district, and the patents were infringed in this judicial district.

13.   This Court has personal jurisdiction over Autonomy, HP, and HP Enterprise Services.  Autonomy, HP, and HP Enterprise Services have conducted and continue to conduct business within the State of Texas.  Autonomy, HP, and HP Enterprise Services, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and offers its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Autonomy, HP, and HP Enterprise Services have purposefully and voluntarily sold infringing software and performed infringing services in the PersonalWeb Patent Field with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  These infringing products and services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Autonomy, HP, and HP Enterprise Services have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

14.   Autonomy, HP, and HP Enterprise Services are properly joined in this action because (1) PersonalWeb's right to relief is asserted against the parties jointly and severally,

(2) certain infringing acts of Autonomy, HP, and HP Enterprise Services in the PersonalWeb Patent Field arise out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, offering for sale, and selling of the same accused products and providing the same accused services in this action, and (3) questions of fact common to Autonomy, HP, and HP Enterprise Services will arise in the action.  Specifically, both Autonomy and HP Enterprise Services are wholly-owned subsidiaries of HP.  Further, HP offers for sale and sells an infringing product outside the Level 3 Exclusive Field known as "HP StoreOnce B6200 Backup System".  Integrated into the HP StoreOnce B6200 Backup System is Autonomy's Intelligent Data Operating Layer (IDOL) software, which was designed and developed by Autonomy.  Also, Autonomy offers for sale and sells an infringing product outside the Level 3 Exclusive Field known as "Intelligent Data Operating Layer (IDOL)".  And Autonomy's Intelligent Data Operating Layer (IDOL) software is integrated into the HP TRIM Enterprise Records Management Solution software, which was designed and developed by HP Enterprise Services.

## PERSONALWEB BACKGROUND

15.    PersonalWeb is in the business of developing and distributing software based on its technology assets.  PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

16.    PersonalWeb's products include a product referred to as "StudyPods…where social meets study™", a new social learning platform that enables students to connect, collaborate and share academic knowledge with each other at their own university or colleges worldwide.  PersonalWeb's also is developing enterprise solutions, including proprietary

technology assets utilizing natural language processing and semantic analysis to search for and deliver relevant content available on the Internet to users.

17.     PersonalWeb also is developing the Global File Registry ("GFR") digital content management system, an online copyright protection and crime prevention tool that is a consolidated database containing unique identifiers of millions of infringing files captured and collected on behalf of multiple content owners and interested parties.

18.     PersonalWeb protects its proprietary business applications and operations through a portfolio of patents that it owns, including 13 issued and pending United States patents.

### INFRINGEMENT OF U.S. PATENT NO. 5,978,791

19.     On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers."  PersonalWeb has an ownership interest in the '791 patent by assignment, including the exclusive right to enforce the '791 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '791 patent.  A true and correct copy of the '791 patent is attached hereto as Exhibit A.

20.     Autonomy has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

21.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

22.     HP has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

23.     HP Enterprise Services has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and

services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

24.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

25.     On July 2, 2002, United States Patent No. 6,415,280 (the "'280 patent") was duly and legally issued for an invention entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data."  PersonalWeb has an ownership interest in the '280 patent by assignment, including the exclusive right to enforce the '280 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '280 patent.  A true and correct copy of the '280 patent is attached hereto as Exhibit B.

26.     Autonomy has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing

products and services.  Autonomy is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

27.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

28.     HP has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

29.     HP Enterprise Services has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.   HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.   HP Enterprise Services is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

30.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.   Defendants' infringement of PersonalWeb's rights under the '280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

31.     On Aug 9, 2005, United States Patent No. 6,928,442 (the "'442 patent") was duly and legally issued for an invention entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers."   PersonalWeb has an ownership interest in the '442 patent by assignment, including the exclusive right to enforce the '442 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '442 patent.   A true and correct copy of the '442 patent is attached hereto as Exhibit C.

32.     Autonomy has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.   Autonomy further contributes to

and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

33.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

34.     HP has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these

infringing products and services.  HP is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

35.     HP Enterprise Services has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

36.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '442 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,802,310**

37.     On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent") was duly and legally issued for an invention entitled "Controlling Access to Data in a Data Processing System."  PersonalWeb has an ownership interest in the '310 patent by assignment, including the exclusive right to enforce the '310 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '310 patent.  A true and correct copy of the '310 patent is attached hereto as Exhibit D.

38.     Autonomy has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services

within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

39.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

40.     HP has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further

contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

41.     HP Enterprise Services has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

42.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '310 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

43.     On May 17, 2011, United States Patent No. 7,945,539 (the "'539 patent") was duly and legally issued for an invention entitled "Distributing and Accessing Data in a Data Processing System."  PersonalWeb has an ownership interest in the '539 patent by assignment, including the exclusive right to enforce the '539 patent within the PersonalWeb Patent Field, continues to hold that ownership interest in the '539 patent.  A true and correct copy of the '539 patent is attached hereto as Exhibit E.

44.     Autonomy has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

45.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

46.     HP has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the

PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

47.     HP Enterprise Services has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

48.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 7,945,544

49.     On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System."  PersonalWeb has an ownership interest in the '544 patent by assignment, including the exclusive right to enforce the '544 patent within the PersonalWeb

Patent Field, and continues to hold that ownership interest in the '544 patent.  A true and correct copy of the '544 patent is attached hereto as Exhibit F.

50.     Autonomy has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

51.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

52.     HP has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

53.     HP Enterprise Services has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

54.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

55.     On May 24, 2011, United States Patent No. 7,949,662 (the "'662 patent") was duly and legally issued for an invention entitled "De-duplication of Data in a Data Processing System."  PersonalWeb has an ownership interest in the '662 patent by assignment, including the

exclusive right to enforce the '662 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '662 patent. A true and correct copy of the '662 patent is attached hereto as Exhibit G.

56. Autonomy has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services. Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services. Autonomy is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

57. Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services. Kinetech later approved the transfer of those rights to Iron Mountain, Inc. Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents. In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents. However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and continuation patents to Autonomy as required in the June 12, 1996 agreement. Accordingly, Autonomy has been infringing and continues to infringe the '662 patent by its manufacture, use,

sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

58.     HP has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

59.     HP Enterprise Services has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

60.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the '662 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO.  8,001,096

61.     On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers."   PersonalWeb has an ownership interest in the '096 patent by assignment, including the exclusive right to enforce the '096 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit H.

62.     Autonomy has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: eDiscovery, Compliance, Content Management, and Intelligent Data Operating Layer (IDOL) products and services.  Autonomy further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  Autonomy is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

63.     Additionally, on or about June 12, 1996, Kinetech, Inc., the prior owner of the '791 patent, granted exclusive rights in the '791 patent, and all continuation patents, to Connected Corporation, limited to the field of developing and operating value-added, online backup and file recovery products and services.  Kinetech later approved the transfer of those rights to Iron Mountain, Inc.  Pursuant to the license, Iron Mountain developed and sold online backup and file recovery products and services using the technology claimed in the '791 patent and continuation patents.  In 2011, Iron Mountain sold to Autonomy, among other things, its online backup and file recovery products and services that use the technology claimed in the '791 patent and continuation patents.  However, Iron Mountain never requested or received written permission from Kinetech or its successor to transfer the rights in the '791 patent and

continuation patents to Autonomy as required in the June 12, 1996 agreement.  Accordingly, Autonomy has been infringing and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of products and services in the online backup and file recovery field that Autonomy acquired from Iron Mountain.

64.     HP has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: HP D2D2500 and D2D4000 series backup systems, HP StoreOnce B6200 backup system and StoreOnce Deduplication Engine products and services.  HP further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

65.     HP Enterprise Services has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services within the PersonalWeb Patent Field: Data Protector, Backup and Restore Services, Remote Backup Services, and Archive and Compliance Services products and services.  HP Enterprise Services further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  HP Enterprise Services is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

66.     Defendants Autonomy's, HP's, and HP Enterprise Services' described acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendants the damages sustained by PersonalWeb as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of PersonalWeb's rights under the

'096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT ONE—PATENT INFRINGEMENT AGAINST AUTONOMY

67.    PersonalWeb incorporates herein by reference the allegations set forth in paragraphs 1-66 of this Complaint as though fully set forth herein and makes the following allegations:

68.    Autonomy has infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above.  Autonomy is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-in-Suit within the PersonalWeb Patent Field pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above.  For PersonalWeb's claims of indirect infringement, Autonomy's end-user customers and consultants are direct infringers of the Patents-in-Suit within the PersonalWeb Patent Field.

69.    Autonomy's acts of infringement have caused damage to PersonalWeb. PersonalWeb is entitled to recover from Autonomy the damages sustained by PersonalWeb as a result of Autonomy's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Autonomy has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

70.    Autonomy has received actual notice of infringement.

## COUNT TWO—PATENT INFRINGEMENT AGAINST HP

71.   PersonalWeb incorporates herein by reference the allegations set forth in paragraphs 1-70 of this Complaint as though fully set forth herein and makes the following allegations:

72.   HP has infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above.  HP is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-in-Suit within the PersonalWeb Patent Field pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above.  For PersonalWeb's claims of indirect infringement, HP's end-user customers and consultants are direct infringers of the Patents-in-Suit within the PersonalWeb Patent Field.

73.   HP's acts of infringement have caused damage to PersonalWeb.  PersonalWeb is entitled to recover from HP the damages sustained by PersonalWeb as a result of HP's wrongful acts in an amount subject to proof at trial.   In addition, the infringing acts and practices of HP has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

74.   HP has received actual notice of infringement.

## COUNT THREE—PATENT INFRINGEMENT AGAINST HP ENTERPRISE SERVICES

75.   PersonalWeb incorporates herein by reference the allegations set forth in paragraphs 1-74 of this Complaint as though fully set forth herein and makes the following allegations:

76.   HP Enterprise Services has infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above.  HP Enterprise Services is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-in-Suit within the PersonalWeb Patent Field pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above.  For PersonalWeb's claims of indirect infringement, HP Enterprise Services' end-user customers and consultants are direct infringers of the Patents-in-Suit within the PersonalWeb Patent Field.

77.   HP Enterprise Services' acts of infringement have caused damage to PersonalWeb.  PersonalWeb is entitled to recover from HP Enterprise Services the damages sustained by PersonalWeb as a result of HP Enterprise Services' wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of HP Enterprise Services has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

78.   HP Enterprise Services has received actual notice of infringement.

## DEMAND FOR JURY TRIAL

PersonalWeb hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, PersonalWeb prays for judgment as follows:

1.      that Defendants have infringed, directly and/or indirectly, one or more claims of the Patents-in-Suit as described in this action;

2.      requiring Defendants to pay PersonalWeb's actual damages;

3.      requiring Defendants to pay PersonalWeb supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

4.      requiring Defendants to pay to PersonalWeb pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

5.      requiring Defendants to pay to PersonalWeb all costs of this action

6.      requiring Defendants to pay attorneys' fees under 35 U.S.C. § 285;

7.      enjoining Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it from further infringement of the Patents-in-Suit as described in this action;

8.      in the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

9.      such other and further relief as the Court deems just and equitable.


DATED:  May 8, 2012                          Respectfully submitted,

                                             **McKOOL SMITH, P.C.**


                                             _/s/ Sam Baxter_____
                                             Sam Baxter (Lead Counsel)
                                             Texas State Bar No. 01938000
                                             sbaxter@mckoolsmith.com
                                             104 East Houston Street, Suite 300
                                             Marshall, Texas  75670
                                             Telephone: (903) 923-9000
                                             Telecopier: (903) 923-9099

                                             Theodore Stevenson, III
                                             Texas State Bar No. 19196650
                                             tstevenson@mckoolsmith.com
                                             David Sochia
                                             Texas State Bar No. 00797470

McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steve Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**Of Counsel**
Roderick G. Dorman
rdorman@mckoolsmithhennigan.com
Lawrence M. Hadley
lhadley@mckoolsmithhennigan.com
McKool Smith, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone (213) 694-1200
Telecopier: (213) 694-1234

**Attorneys For Plaintiff**
**Personalweb Technologies, LLC**

David D. Wier
David.Wier@Level3.com


  _/s/ David Wier_ _____
David Wier

**Attorneys for Plaintiff Level 3**
**Communications LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on May 8, 2012.

<u>    /s/ Sam Baxter                            </u>