**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> PLAINTIFFS, <br><br> vs. <br><br> AUTONOMY, INC., HEWLETT-PACKARD COMPANY, AND HP ENTERPRISE SERVICES, LLC, <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:11-cv-00683-LED <br><br> JURY DEMANDED |

---

**AUTONOMY, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Defendant Autonomy, Inc. ("Autonomy"), by and through its counsel, hereby responds to the allegations contained in the First Amended Complaint ("First Amended Complaint") filed by Plaintiffs PersonalWeb Technologies LLC's ("PersonalWeb") and Level 3 Communications, LLC's ("Level 3") (collectively, "Plaintiffs").  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any allegations in the First Amended Complaint that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## PRELIMINARY STATEMENT

1.     The alleged agreement between Kinetech, Inc. and Digital Island, Inc. (the "Kinetech-Digital Agreement"), purportedly dated September 1, 2000, has not been provided as an exhibit to the First Amended Complaint.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb and Level 3 each own a fifty percent (50%) undivided interest in and to the patents at issue in this action.  Paragraph 1 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore denies them.

2.     The purported Kinetech-Digital Agreement has not been provided as an exhibit to the First Amended Complaint.  Paragraph 2 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.     The purported Kinetech-Digital Agreement has not been provided as an exhibit to

the First Amended Complaint.  Paragraph 3 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

## THE PARTIES

4.      Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint, and therefore denies them.

5.      Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint, and therefore denies them.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint, and therefore denies them.

7.      Autonomy admits that Autonomy, Inc. is a New Jersey corporation and that its U.S. headquarters is located in San Francisco at One Market Plaza, Spear Tower, Suite 1900, San Francisco, CA 94105.  Autonomy admits that its agent for service of process is Christopher Egan at One Market Plaza, Spear Tower, 19th Floor, San Francisco, CA 94105.  Autonomy denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Autonomy denies all allegations of Paragraph 8 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 8 that relate to other defendants, Autonomy denies them as to

Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

9.      Autonomy denies all allegations of Paragraph 9 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 9 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

10.     Autonomy admits that it is a software company that offers a number of products and/or services to customers both in and outside of the United States.  Autonomy denies the remaining allegations of Paragraph 10 as they relate to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 10 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

<u>**JURISDICTION AND VENUE**</u>

11.     Autonomy admits that Plaintiffs' First Amended Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code. Autonomy admits that this Court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) over such an action.  For purposes of this action, Autonomy does not challenge that this Court has subject matter jurisdiction.

12.     Autonomy denies that venue is proper in the U.S. District Court in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).  Autonomy denies that it has committed any acts of patent infringement in this or any other district.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 12 that

relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.  Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the First Amended Complaint, and therefore denies them.

13.     Autonomy denies that it has committed any acts of patent infringement in this or any other district, and therefore denies that Autonomy is subject to this Court's specific and general personal jurisdiction based on the alleged acts of infringement.  Autonomy denies the remaining allegations contained in Paragraph 13 of the First Amended Complaint as they relate to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 13 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

14.     Autonomy denies that it has committed any acts of patent infringement in this or any other district, and therefore denies that joinder is proper based on the alleged infringing acts of the named defendants or the sameness of the alleged infringing transaction(s) or occurrence(s).  Autonomy admits that Autonomy is a wholly-owned subsidiary of Hewlett-Packard Company.  Autonomy admits its product offerings include Intelligent Data Operating Layer (IDOL) software.  Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the First Amended Complaint as they relate to Autonomy, and therefore denies them.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 14 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

AUTONOMY'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 6:11-cv-0683-LED

## PERSONALWEB BACKGROUND

15.     Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint, and therefore denies them.

16.     Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint, and therefore denies them.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

19.     Autonomy admits that Exhibit A purports to be a true and correct copy of United States Patent No. 5,978,791 (the "'791 patent").  Autonomy admits that the '791 patent, on its face, is entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers" and shows the date of the patent to be November 2, 1999.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '791 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Paragraph 19 contains conclusions of law to which no response is required.  To the extent that an answer is required,

Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the First Amended Complaint, and therefore denies them.

20.     Autonomy denies the allegations contained in Paragraph 20 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

21.     Autonomy admits that Kinetech, Inc. appears to be the assignee on the face of the '791 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 21 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the First Amended Complaint, and therefore denies them.

22.     Autonomy denies all allegations of Paragraph 22 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 22 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

23.     Autonomy denies all allegations of Paragraph 23 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any

remaining allegations in Paragraph 23 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

24.    Autonomy denies all allegations of Paragraph 24 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 24 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

25.    Autonomy admits that Exhibit B purports to be a true and correct copy of United States Patent No. 6,415,280 (the "'280 patent").  Autonomy admits that the '280 patent, on its face, is entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data" and shows the date of the patent to be July 2, 2002.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '280 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Paragraph 25 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the First Amended Complaint, and therefore denies them.

26.    Autonomy denies the allegations contained in Paragraph 26 of the First Amended

AUTONOMY'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 6:11-cv-0683-LED

PALOALTO 132959 (2K)

Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

27.    Autonomy admits that Kinetech, Inc. and Digital Island, Inc. appear to be the assignees on the face of the '280 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 27 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the First Amended Complaint, and therefore denies them.

28.    Autonomy denies all allegations of Paragraph 28 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 28 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

29.    Autonomy denies all allegations of Paragraph 29 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 29 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

AUTONOMY'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 6:11-cv-0683-LED

30.    Autonomy denies all allegations of Paragraph 30 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 30 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

### INFRINGEMENT OF U.S. PATENT NO. 6,928,442

31.    Autonomy admits that Exhibit C purports to be a true and correct copy of United States Patent No. 6,928,442 (the "'442 patent").  Autonomy admits that the '442 patent, on its face, is entitled "Enforcement and Policing of Licensed Content Using Content-Based Identifiers" and shows the date of the patent to be August 9, 2005.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '442 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Paragraph 31 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the First Amended Complaint, and therefore denies them.

32.    Autonomy denies the allegations contained in Paragraph 32 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement

pursuant to 35 U.S.C. § 271.

33.     Autonomy admits that Kinetech, Inc. and Savvis, Inc. appear to be the assignees on the face of the '442 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 33 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the First Amended Complaint, and therefore denies them.

34.     Autonomy denies all allegations of Paragraph 34 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 34 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

35.     Autonomy denies all allegations of Paragraph 35 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 35 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

36.     Autonomy denies all allegations of Paragraph 36 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on

behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 36 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

37.     Autonomy admits that Exhibit D purports to be a true and correct copy of United States Patent No. 7,802,310 (the "'310 patent").  Autonomy admits that the '310 patent, on its face, is entitled "Controlling Access to Data in a Data Processing System" and shows the date of the patent to be September 21, 2010.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '310 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Paragraph 37 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the First Amended Complaint, and therefore denies them.

38.     Autonomy denies the allegations contained in Paragraph 38 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

39.     Autonomy admits that Kinetech, Inc. and Level 3 Communications, LLC appear to be the assignees on the face of the '310 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has

committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 39 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the First Amended Complaint, and therefore denies them.

40.      Autonomy denies all allegations of Paragraph 40 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 40 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

41.      Autonomy denies all allegations of Paragraph 41 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 41 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

42.      Autonomy denies all allegations of Paragraph 42 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 42 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

43.     Autonomy admits that Exhibit E purports to be a true and correct copy of United States Patent No. 7,945,539 (the "'539 patent").  Autonomy admits that the '539 patent, on its face, is entitled "Distributing and Accessing Data in a Data Processing System" and shows the date of the patent to be May 17, 2011.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '539 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field. Paragraph 43 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the First Amended Complaint, and therefore denies them.

44.     Autonomy denies the allegations contained in Paragraph 44 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

45.     Autonomy admits that Kinetech, Inc. and Level 3 Communications, LLC appear to be the assignees on the face of the '539 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 45 contains conclusions of law to which no response is required.  To the extent that an answer is required,

Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the First Amended Complaint, and therefore denies them.

46.     Autonomy denies all allegations of Paragraph 46 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 46 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

47.     Autonomy denies all allegations of Paragraph 47 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 47 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

48.     Autonomy denies all allegations of Paragraph 48 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 48 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,544

49.     Autonomy admits that Exhibit F purports to be a true and correct copy of United States Patent No. 7,945,544 (the "'544 patent").  Autonomy admits that the '544 patent, on its

face, is entitled "Similarity-Based Access Control of Data in a Data Processing System" and shows the date of the patent to be May 17, 2011.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '544 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field. Paragraph 49 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the First Amended Complaint, and therefore denies them.

50.     Autonomy denies the allegations contained in Paragraph 50 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

51.     Autonomy admits that Kinetech, Inc. and Level 3 Communications, LLC appear to be the assignees on the face of the '544 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 51 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the First Amended Complaint, and therefore denies them.

52.     Autonomy denies all allegations of Paragraph 52 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 52 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

53.     Autonomy denies all allegations of Paragraph 53 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 53 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

54.     Autonomy denies all allegations of Paragraph 54 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 54 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

55.     Autonomy admits that Exhibit G purports to be a true and correct copy of United States Patent No. 7,949,662 (the "'662 patent").  Autonomy admits that the '662 patent, on its face, is entitled "De-duplication of Data in a Data Processing System" and shows the date of the patent to be May 24, 2011.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint,

Autonomy denies that PersonalWeb has the exclusive right to enforce the '662 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Paragraph 55 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the First Amended Complaint, and therefore denies them.

56.     Autonomy denies the allegations contained in Paragraph 56 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

57.     Autonomy admits that Kinetech, Inc. and Level 3 Communications, LLC appear to be the assignees on the face of the '662 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 57 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the First Amended Complaint, and therefore denies them.

58.     Autonomy denies all allegations of Paragraph 58 as they relate to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 58 that relate to other defendants, Autonomy denies them as

to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

59.     Autonomy denies all allegations of Paragraph 59 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 59 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

60.     Autonomy denies all allegations of Paragraph 60 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 60 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 8,001,096

61.     Autonomy admits that Exhibit H purports to be a true and correct copy of United States Patent No. 8,001,096 (the "'096 patent").  Autonomy admits that the '096 patent, on its face, is entitled "Computer File System Using Content-Dependent File Identifiers" and shows the date of the patent to be August 16, 2011.  Upon information and belief, based at least upon Plaintiffs' allegations in paragraphs 21, 27, 33, 39, 45, 51, 57, and 63 of the First Amended Complaint, Autonomy denies that PersonalWeb has the exclusive right to enforce the '096 patent within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field. Paragraph 61 contains conclusions of law to which no response is required.  To the extent that an

answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the First Amended Complaint, and therefore denies them.

62.     Autonomy denies the allegations contained in Paragraph 62 of the First Amended Complaint.  Autonomy denies that it has committed any acts of patent infringement within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other fields, directly, contributorily, or otherwise.  Autonomy denies that it is liable for any alleged infringement pursuant to 35 U.S.C. § 271.

63.     Autonomy admits that Kinetech, Inc. and Level 3 Communications, LLC appear to be the assignees on the face of the '096 patent.  Autonomy admits that Autonomy Corporation plc acquired certain assets from Iron Mountain Incorporated.  Autonomy denies that it has committed any acts of patent infringement within the alleged "online backup and file recovery field," or in any other fields, directly, contributorily, or otherwise.  Paragraph 63 contains conclusions of law to which no response is required.  To the extent that an answer is required, Autonomy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the First Amended Complaint, and therefore denies them.

64.     Autonomy denies all allegations of Paragraph 64 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 64 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

65.     Autonomy denies all allegations of Paragraph 65 as they relate to Autonomy.

Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 65 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

66.     Autonomy denies all allegations of Paragraph 66 as they relate to Autonomy. Autonomy denies that it has committed any acts of patent infringement as alleged in the First Amended Complaint and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief as related to Autonomy.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 66 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## COUNT ONE – PATENT INFRINGEMENT AGAINST AUTONOMY

67.     Autonomy incorporates herein by reference its answers to the allegations set forth in Paragraphs 1-66 of this First Amended Complaint as though full set forth herein.

68.     Autonomy denies the allegations contained in Paragraph 68 of the First Amended Complaint as they relate to Autonomy.  Autonomy denies that it has committed any acts of patent infringement alleged by Plaintiffs, either directly, indirectly, contributorily, or by inducement, within the "PersonalWeb Patent Field" as defined by PersonalWeb, or in any other field.  Autonomy further denies that it contributes to and induces others to commit any acts of patent infringement alleged by Plaintiffs.  Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 68 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

69.     Autonomy denies the allegations contained in Paragraph 69 of the First Amended

Complaint.  Autonomy denies that it has committed any acts of patent infringement alleged by Plaintiffs and therefore denies that PersonalWeb is entitled to any money judgment, interests, costs, or injunctive relief.

70.     Upon information and belief, Autonomy denies that it received actual notice of the alleged infringement prior to the date of service of the original First Amended Complaint.

## COUNT TWO – PATENT INFRINGEMENT AGAINST HP

71.      Autonomy incorporates herein by reference its answers to the allegations set forth in Paragraphs 1-70 of this First Amended Complaint as though full set forth herein.

72.     Autonomy denies all allegations of Paragraph 72 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 72 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

73.     Autonomy denies all allegations of Paragraph 73 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 73 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

74.     Autonomy denies all allegations of Paragraph 74 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 74 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## COUNT THREE – PATENT INFRINGEMENT AGAINST HP
## ENTERPRISE SERVICES

75.     Autonomy incorporates herein by reference its answers to the allegations set forth in Paragraphs 1-74 of this First Amended Complaint as though full set forth herein.

76.     Autonomy denies all allegations of Paragraph 76 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 76 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

77.     Autonomy denies all allegations of Paragraph 77 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 77 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

78.     Autonomy denies all allegations of Paragraph 78 as they relate to Autonomy. Autonomy provides this response on behalf of Autonomy only.  To the extent there are any remaining allegations in Paragraph 78 that relate to other defendants, Autonomy denies them as to Autonomy and incorporates the response of those other defendants herein with respect to those allegations.

## RESPONSE TO DEMAND FOR JURY TRIAL

Plaintiffs' demand for a trial by jury on all issues does not state any allegation and Autonomy is not required to respond.

## RESPONSE TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiffs to which no

response is required.  Autonomy denies that Plaintiffs are entitled to any of the requested relief

and denies all allegations of infringement against Autonomy as contained in the First Amended

Complaint.  Autonomy provides this response on behalf of Autonomy only.  To the extent there

are any remaining relief requested that relate to other defendants, Autonomy denies them as to

Autonomy and incorporates the response of those other defendants herein with respect to their

responses to prayer for relief.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, Autonomy asserts the

following affirmative defenses.  Autonomy reserves the right to amend its answer as further

information becomes available.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

1.      Plaintiffs' First Amended Complaint fails to state a claim upon which relief can

be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(NON-INFRINGEMENT)**

2.      Autonomy has not infringed and does not infringe any asserted claims of the

patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the

'539 patent, the '544 patent, the '662 patent, and the '906 patent, either directly, jointly, literally,

under the doctrine of equivalents, willfully, or otherwise.

**THIRD AFFIRMATIVE DEFENSE**
**(INVALIDITY)**

3.      The patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the

'310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent, are invalid for

failure to comply with one or more of the statutory requirements of the United States patent laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL/JUDICIAL ESTOPPEL)

4.      Plaintiffs are estopped from construing the asserted claims of the patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent, in such a way as may cover Autonomy's activities by reason of amendment, cancellation or abandonment of claim(s), and the admissions and other statements made in and to the United States Patent and Trademark Office during prosecution and/or the re-examination proceedings; prior statements made in or to any Court; prior rulings of any Court; and/or Plaintiffs and the patents-in-suit's inventor(s)' prior conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (ESTOPPEL, WAIVER, LACHES, AND/OR UNCLEAN HANDS)

5.      Plaintiffs' claims against Autonomy regarding the patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent, are barred, in part or in whole, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

6.      On information and belief, Plaintiffs' claims for damages are limited and/or barred, in part or in whole, by the failure to mark, by itself or by one or more parties licensed to practice the patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent, as required by 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE
### (LIMITATION OF DAMAGES UNDER 35 U.S.C. § 286)

7.     Plaintiffs' claims for damages are limited and/or barred, in part or in whole, by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE
### (LIMITATION OF DAMAGES UNDER 28 U.S.C. § 1498)

8.     Plaintiffs' claims for damages are limited and/or barred, in part or in whole, by 28 U.S.C. § 1498.

## NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

9.     Plaintiffs' claims for damages are limited and/or barred, in part or in whole, because Plaintiffs have failed to mitigate its alleged damages, if any.

## TENTH AFFIRMATIVE DEFENSE
### (LACK OF WILLFULNESS)

10.     Autonomy has not infringed and does not infringe, willfully or otherwise, any asserted claims of any of the patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent. Plaintiffs are not entitled to increased damages under 35 U.S.C. § 284.

## ELEVENTH AFFIRMATIVE DEFENSE
### (INJUNCTIVE RELIEF NOT WARRANTED)

11.     Plaintiffs are not entitled to preliminary or permanent injunctive relief because (1) Plaintiffs are not likely to prevail on the merits; (2) Plaintiffs have not suffered nor will they suffer irreparable harm because of Autonomy's conduct; (3) any harm to Plaintiffs would be outweighed by the harm to Autonomy if an injunction were entered; (4) Plaintiffs have an adequate remedy at law even if they were to prevail in this action; and (5) public interest would not be served by an injunction.

## TWELFTH AFFIRMATIVE DEFENSE
### (EXHAUSTION, IMPLIED AND/OR ACTUAL LICENSE, AND/OR RESTRICTIONS ON DOUBLE RECOVERY)

12.     Plaintiffs' claims are barred, in whole or in part, by exhaustion, implied and/or actual license, and/or restrictions on double recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

13.     On information and belief, Plaintiffs do not hold all rights and interest in the patents-in-suit, including the '791 patent, the '280 patent, the '442 patent, the '310 patent, the '539 patent, the '544 patent, the '662 patent, and the '906 patent, within the "PersonalWeb Patent Field" as defined by PersonalWeb, in the field of use of the accused Autonomy products (if any), or in any other field.  Therefore, Plaintiffs lack standing to sue for infringement of the patents-in-suit.

## RESERVATION OF ADDITIONAL DEFENSES

Autonomy reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

WHEREFORE, Autonomy prays that Plaintiff's First Amended Complaint be dismissed against Autonomy with prejudice, and that Plaintiffs recover nothing thereon; that the Court find that this case is exceptional and awards to Autonomy its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and that Autonomy recovers such other and further relief as this Court may deem just and proper.

///

Dated:  July 13, 2012                    Respectfully Submitted,

                                         By:      */s/ Bijal V. Vakil*
                                                  Bijal V. Vakil
                                                  CA State Bar No.: 192878
                                                  *(Admitted to practice in the Eastern District of Texas)*
                                                  White & Case, LLP
                                                  3000 El Camino Real
                                                  Five Palo Alto Square 9th Floor
                                                  Palo Alto, CA 94306
                                                  Telephone: (650) 213-0300
                                                  Facsimile: (650) 213-8158
                                                  Email: bvakil@whitecase.com

                                                  Gregory L. Doll
                                                  CA State Bar No.: 193205
                                                  (*Admitted Pro Hac Vice*)
                                                  Doll Amir & Eley LLP
                                                  1888 Century Park East, Suite 1850
                                                  Los Angeles, CA  90067
                                                  Telephone: (310) 557-9100
                                                  Facsimile:  (310) 557-9101
                                                  Email: gdoll@dollamir.com

                                                  *Attorneys for Defendants*
                                                  AUTONOMY, INC.

AUTONOMY'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 6:11-cv-0683-LED

PALOALTO 132959 (2K)

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this July 13, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


_____
*/s/ Bijal V. Vakil*
Bijal V. Vakil