# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NEC CORPORATION OF AMERICA, INC., <br><br> Defendant. | Civil Action No. 6:11-cv-00655 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC. AND YOUTUBE, LLC, <br><br> Defendants. | Civil Action No. 6:11-cv-00656 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NETAPP, INC., <br><br> Defendant. | Civil Action No. 6:11-cv-00657 (LED) |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC.; AMAZON WEB SERVICES LLC; AND DROPBOX, INC., <br><br> Defendants. | Civil Action No. 6:11-cv-00658 (LED) |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00659 (LED) |
| Plaintiffs, | |
| v. | |
| CARINGO, INC., | |
| Defendant. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00660 (LED) |
| Plaintiffs, | |
| v. | |
| EMC CORPORATION AND VMWARE, INC., | |
| Defendants. | |

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | Civil Action No. 6:11-cv-00683 (LED) |
| Plaintiffs, | |
| v. | |
| AUTONOMY, INC., HEWLETT-PACKARD COMPANY, AND HP ENTERPRISE SERVICES, LLC, | |
| Defendants. | |

**DEFENDANTS' BRIEF IN SUPPORT OF**
**THEIR PROPOSED DOCKET CONTROL ORDER**

In accordance with this Court's July 17, 2012 Orders requesting that the Defendants in the above-captioned matters file a joint brief setting forth their objections to Plaintiff PersonalWeb Technologies, LLC's ("PersonalWeb") proposed docket control order, the Defendants identify the following areas of disagreement:

1) **<u>The order by which the parties must provide P.R. 3-1 and 3-3 contentions:</u>**

   Defendants' proposal tracks the orderly exchange of contentions per well-established Patent Local Rules.  Plaintiff's proposal, on the other hand, deviates from the standard order of exchanging contentions in a transparent attempt to provide itself an opportunity to craft its infringement contentions around Defendants' invalidity contentions.

2) **<u>The timing of potential reduction of prior art references:</u>**  Defendants agree that limitation on asserted claims and prior art references may be helpful and intend to work in good faith with the Plaintiff in order to narrow the scope of the litigation and lessen the burden on the Court.  However, Plaintiff's proposal is premature, overly restrictive, unduly burdensome on the Defendants, and ignores the rights provided by the recently enacted America Invents Act.

3) **<u>The timing of the Defendants' P.R. 3-4(a) productions:</u>**  Defendants generally agree to early production of source code for the accused instrumentalities identified in Plaintiff's preliminary infringement contentions in an effort to clarify the scope of the litigation. The only dispute relates to the timing of that production.  Given the number of accused products at issue, Defendants simply seek additional time in order to collect and prepare the source code for production.

4) **<u>The timing for Rule 26(a)(3) initial disclosures.</u>**

To assist the Court, we provide the following chart highlighting the disputes between the parties' respective proposed schedules:

|  | Defendants' Proposed Schedule | Plaintiff's Proposed Schedule |
|---|---|---|
| Rule 26(a)(3) initial disclosures | August 17, 2012 | July 27, 2012 |
| P.R. 3-4 (a) Source code production | September 25, 2012 | August 21, 2012 |
| P.R. 3-3 Preliminary Invalidity Contentions | N/A – Defendants propose serving a single set of final invalidity contentions. | September 10, 2012 |
| P.R. 3-1 Supplemental Infringement Contentions | October 31, 2012 | October 25, 2012 |
| P.R. 3-3 Supplemental Invalidity Contentions | N/A – Defendants propose serving a single set of final invalidity contentions. | November 26, 2012 |
| P.R. 3-3 Invalidity Contentions (single set)[1] | November 30, 2012 | N/A |

Defendants' proposed schedule follows the Patent Local Rules, and would not impose any prejudice to Plaintiff in view of the date for the *Markman* hearing already set by the Court. Accordingly, Defendants respectfully request that the Court enter the Defendants' Proposed Docket Control Order (Dkt. # 39-1) as the schedule to govern these litigations.

**A.     Defendants' Proposal For The Scheduling Of Contention Exchanges Is Consistent With The Local Patent Rules And Appropriate**

Defendants propose that the Court adopt the schedule that follows this Court's Rules of Practice for Patent Cases and typical practice in patent cases:  first the patentee serves final infringement contentions (which may be amended only for good cause), and then the accused infringer serves final invalidity contentions.

---

[1] Defendants reserve the right to move the Court to amend and/or supplement their invalidity contentions only upon good cause pursuant to the Patent Local Rules.

On or about July 2, 2012, PersonalWeb served its infringement contentions upon the

Defendants.[2]  These infringement contentions are wholly deficient and replete with placeholders

for various limitations that PersonalWeb claims require the inspection of source code.[3]  Despite

these wholly-deficient infringement contentions, in an effort to cooperate with PersonalWeb,

Defendants (except for Defendant DropBox, Inc.)[4] agreed to an early production of source code

showing the operation of the instrumentalities accused of infringement to allow Plaintiff to

supplement its infringement contentions and serve compliant P.R. 3-1 disclosures that adequately

inform Defendants of Plaintiff's infringement theories.  Indeed, Defendants' Proposed Docket

Control Order includes a deadline of September 25, 2012 for Defendants to make their P.R. 3-

4(a) Production, including making source code available for inspection by PersonalWeb.[5]

Even with this concession by Defendants, PersonalWeb demands still more.  Specifically,

its proposal requires not only early source code production by Defendants, but also requires

Defendants to provide invalidity contentions *prior to* service of PersonalWeb's P.R. 3.1

"compliant" infringement contentions.  Such a proposal turns the ordering of the exchange of

[2] Because PersonalWeb served its infringement contentions upon some Defendants via First Class Mail, some Defendants did not receive its infringement contentions until on or about July 5, 2012.

[3] Defendants are still reviewing PersonalWeb's infringement contentions and do not waive any arguments regarding the sufficiency of the disclosures.  For purposes of the present dispute regarding the Proposed Docket Control Order, however, Defendants focus in this brief on PersonalWeb's expressed need for access to Defendants' source code to provide full and complete infringement contentions.

[4] As PersonalWeb represented to the Court and as its infringement contentions make clear, Defendant DropBox is included in this case based solely on its use of Amazon's S3 technology and PersonalWeb does not identify any DropBox technology, product or service as an accused instrumentality in this case.  Accordingly, and notwithstanding anything herein to the contrary, DropBox has not agreed like the other defendants to produce any of its confidential and proprietary source code in this matter.

[5] The parties continue to negotiate over the appropriate protections for any source code inspections in their discussions regarding a proposed protective order.

contentions set forth by the Court's Patent Rules on its head and is simply an attempt to force Defendants to show their hand first.  But as this Court has consistently recognized, it is the plaintiff who must inform the defendants of its theories first – not the other way around.

PersonalWeb's stated justification for its one-sided proposal as a means of "streamlining" the case is an attempt to conceal a purely strategic move under the guise of efficiency.  By serving inadequate infringement contentions (which do little more than identify the accused products and asserted claims) – and then requiring Defendants to provide invalidity contentions before amending those insufficient infringement contentions – PersonalWeb paves the way for it to follow the "shifting sands" approach to patent litigation that this and other Courts have routinely denounced.  *O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (emphasizing that patent local rules "require parties to crystallize their theories of infringement early in the litigation" to "prevent the 'shifting sands' approach to claim construction").  PersonalWeb would be in a position to sit back, evaluate the Defendants' prior art, and then structure its infringement theories and allegations accordingly.  Yet, the Patent Rules were implemented to prohibit precisely this type of gamesmanship.  *See Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) ("The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'") (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-3942 MHP, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004)).

PersonalWeb should not be permitted to strategically use the fact that it asserted eighty-one claims across eight patents against seven separate and independent defendant groups – or that it is relying heavily on source code – to avoid well-established procedures set forth by the

Patent Local Rules.  Accordingly, Defendants propose that the order of the contentions proceed as follows:  (1) all Defendants (except DropBox) make source code and technical information about the accused products (Rule 3.4(a) Production) available to PersonalWeb; (2) PersonalWeb supplements its infringement contentions to include details and information where it explicitly stated it needed source code in its preliminary infringement contentions; and (3) after receiving PersonalWeb's supplemental infringement contentions, Defendants serve their invalidity contentions.

**B.     PersonalWeb's Proposed Dates For Production Of Source Code And Initial Disclosures Are Not Feasible**

As noted above, Plaintiff has requested, and Defendants have already agreed, to deviate from this Court's standard procedures with respect to compliance with P.R. 3-4(a).  In a typical case, an accused infringer does not produce the documentation showing the operation of the accused instrumentalities until it provides its invalidity contentions – *after* the plaintiff has provided complete infringement contentions.  Here, however, every Defendant (except for Defendant DropBox, Inc.) has agreed to produce source code to Plaintiff early, based on Plaintiff's representations that it requires source code in order to provide complete infringement contentions to the Defendants.  The parties' dispute over the production of source code is only one of timing.  Plaintiff proposes production on August 21, 2012, whereas Defendants propose production on September 25, 2012 – a difference of one month.  This additional time is necessitated by the realities attendant to identifying and preparing source code for inspection for each of the forty accused systems, and is not for purposes of delay.

The Defendants received Plaintiff's infringement contentions only fifteen days ago, which for many of the Defendants identified for the first time the Accused Instrumentalities of

products or systems that were generally identified in Plaintiff's complaints.[6]  But Plaintiff's

contentions do little to assist the Defendants in identifying relevant source code.  Furthermore,

Plaintiff's initial infringement contentions are incomplete in a myriad ways.[7] Moreover, Plaintiff

repeatedly contends that it needs source code in order to provide contentions with more

specificity.  Plaintiff effectively admits that it did not do the work it needed to do in preparing its

infringement contentions, and as a result, it has shifted the significant burden to each of the

Defendants to determine the infringement questions that are at issue and the source code and

other materials that are relevant to Plaintiff's claims.

Plaintiff's deficient infringement contentions have created significant work for the

Defendants – beyond what would typically be present with analyzing infringement contentions –

to identify, collect, prepare for inspection and produce source code.  Defendants are working

diligently, but face some additional challenges specific to source code.  Code is a closely-held

trade secret, is highly safeguarded, and comprises the very heart of a company's business.

Frequently company employees are restricted in accessing source code, which makes the process

of collecting source code more difficult than collecting other types of documents.  In addition,

the Defendants and Plaintiff have agreed on certain procedures for the inspection of source code

(including uploading to and inspection on stand-alone, non-networked computers in a secure

---

[6] In addition, Case No. 683 lags behind the other cases.  Autonomy and the HP defendants just
answered the Amended Complaint last Friday.

[7] Beyond the reliance on source code, the infringement charts frequently do not include
instrumentality-specific features, but instead (a) cite information for one product or feature to
suggest infringement by a different product or feature, (b) identify seemingly irrelevant portions
of an accused infringer's own patents to support its allegations as to the patents-in-suit, (c) refer
to high-level, non-technical information about an accused product that does not discuss any
particular feature, let alone the feature that is alleged to infringe, and/or (d) are confusing and
indefinite to the point of being nearly unintelligible.

environment) that must be set up in advance of the Court-ordered date for production of source code, but they are still negotiating additional details of the source code inspection procedure.

For all of these reasons, it simply is not feasible for the Defendants to produce source code on August 21, and Defendants request that the Court adopt their proposal of September 25, 2012. Likewise, for many of the same reasons as identified above regarding the deficiencies in Plaintiff's infringement contentions, the Defendants request an additional twenty-one days beyond Plaintiff's proposal to provide their Rule 26 initial disclosures, to August 17, 2012.

### C. The Timing Of The *Markman* Procedure Ensures That PersonalWeb Will Not Suffer Any Prejudice By Following The Typical Order Of Contention Exchanges

Following standard practice by implementing Defendants' proposed schedule will not prejudice PersonalWeb. PersonalWeb will have more than ample time between its receipt of Defendants' invalidity contentions and the claim construction exchanges under the Patent Rules to formulate its claim construction positions. Under Defendants' proposal, Defendants will serve their invalidity contentions on November 30, 2012 – more than *three months* before the first claim construction deadline (the exchange of proposed terms for construction on March 15, 2013), and more than *six months* before PersonalWeb's opening claim construction brief is due on June 5, 2013.[8] Accordingly, PersonalWeb cannot demonstrate any reason why it should receive invalidity contentions before it serves complete infringement contentions.

PersonalWeb's motives for reversing the order of the contention exchanges are purely strategic and self-serving, while Defendants' proposal is logical and will force the parties to shape and refine their theories early in the case. Accordingly, the Court should adopt Defendants' Proposed Docket Control Order.

---

[8] The dates for the claim construction-related activities have been agreed-upon by the parties and are the same under both PersonalWeb's and Defendants' proposals.

**D.    Defendants Support Reasonable Limits On Claims And Invalidity References, But The Limits Proposed By Plaintiff Are Overly Restrictive**

Defendants do not dispute that limitations on both asserted claims and prior art references could be helpful to manage the costs and burdens of this litigation.  Defendants also share Plaintiff's view that "[n]o party should be required to jettison claims or prior art references blind, without having an opportunity to consider available information that bears on the strength of the claims or prior art."  Plaintiff's Brief at 5.  Plaintiff's proposal that Defendants limit their prior art references before receiving a complete set of infringement claims would require just this type of blind decision-making by the Defendants.  As described above, Plaintiff's initial infringement contentions were inadequate in a number of ways.  *See* sections A-C, *supra.*  These contentions do not provide the full information regarding Plaintiff's infringement allegations necessary for Defendants to limit prior art references at this stage.  Thus, if this Court is inclined to order any limitation on invalidity references, such limitation should be applied only after Plaintiff's infringement contentions are complete, as the Court's Local Patent Rules contemplate.

Defendants have three further concerns about Plaintiff's proposal.  First, Plaintiff's proposal to limit all Defendants jointly to seven unique prior art references per claim is not workable because of the significant differences between the cases.  Plaintiff has filed seven cases against thirteen defendants, and has accused more than forty different products, systems, services or software of infringement.  None of the accused systems are common between any of the seven cases, and as is clear from Plaintiff's infringement contentions, the facts concerning alleged infringement are completely different in each case.  Moreover, the Defendants operate in many different industries, and each Defendant believes that it is important to its defense to include, as part of its invalidity case, prior art references that have similarities to its own accused devices.  Certain of the Defendants, for example, intend to rely on their own prior art systems they used

8

before the patents-in-suit were filed, or systems from which their accused devices were developed.  Limiting thirteen disparate defendants to seven shared prior art references per claim at this early stage of litigation is unreasonable

Second, any limitations on contentions should be imposed separately for each of the pending cases.  The recently-enacted Leahy-Smith America Invents Act provides that accused infringers shall not be joined in one action "based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299.  A fundamental aspect of this right to a separate trial is the right to make strategic decisions about the defenses to be asserted.  *Cf. Medsquire LLC v. Quest Diagnostics, Inc.*, 2011 WL 7710203, at * 2 (C.D. Cal. Dec. 1, 2011) (separate infringement cases against different defendants significant because "'the accused defendants—who will surely have competing interests and strategies—are . . . entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction'") (quoting *WiAV Networks, LLC v. 3COM Corp.*, 2010 WL 3895047, at *2-3 (N.D. Cal. Oct. 1, 2010).

Third, given the significant number of patents and products in issue, the more appropriate time for limitations on asserted claims and prior art references is after the exchange of the parties' infringement and invalidity contentions.  At that time, the parties will be in a better position to discuss how to narrow the asserted claims and prior art references.

Defendants accordingly request that the Court instead set a time for the parties to meet and confer on limiting asserted claims and prior art references sometime between the service of Defendants' invalidity contentions (November 30, 2012) and the exchange of claim terms to be construed (March 15, 2013).  If the Court is instead inclined to impose limits on asserted claims and prior art references at this early stage of the case, Defendants believe that a more appropriate

limitation would be twenty asserted claims and ten prior art references per claim in each of the separate cases.[9]  This would provide a significantly more fair balance to Plaintiff's infringement contentions which, even within the separate cases, accuse multiple products of infringement.  For EMC and VMware, for example, Plaintiff has accused ten separate products of infringing the same claims.[10]

Finally, the Court should retain discretion to allow for substitution or addition of references for good cause shown, or – if a common limit is imposed – as needed to comply with the Defendants' due process rights to fully defend against Plaintiff's claims.[11]

---

[9] Defendants object to Plaintiff's interpretation of one reference as "a single anticipation reference or a single obviousness combination."  As used here, a "reference" refers to a single item of prior art, whether used to show anticipation or as part of an obviousness combination.

[10] If the Court were instead to adopt PersonalWeb's proposal of a joint limitation of prior art references across the seven separate cases, the Court should permit each defendant group the opportunity to introduce at least a certain number of its own references.  Such an opportunity is critical in light of the variation among the defendants and accused products involved in this litigation, and in view of the AIA and due process concerns.  To balance considerations of efficiency and fairness, defendants propose a limitation of seven common references across all defendants, as well as five additional references per defendant group, for each asserted claim.  Defendants' proposal regarding a certain number of shared prior art references across cases does not waive their right to separate trials, and should not be construed as agreement that common limits across all Defendants are proper.  Defendants reserve all rights in those respects.  (Google, YouTube, HP, Amazon and Dropbox do not join in the proposal regarding common references, for all of the reasons stated herein.  In addition, for the Google and YouTube case, PersonalWeb has chosen to treat that case differently, by retaining separate counsel, accusing entire systems and not "products" and asserting 40 claims (out of 50 total) that do not overlap with any other defendant.)

[11] If the Court imposes a limitation prior to claim construction, it should be without prejudice to substitute prior art references post-claim construction.

Dated:  July 20, 2012                                  Respectfully submitted,

                                          By:   (filed in Case No. 11-655)
                                                Eric H. Findlay
                                                **FINDLAY CRAFT**
                                                6760 Old Jacksonville Highway, Ste. 101
                                                Tyler, TX  75703
                                                Phone:  903-534-1100
                                                Fax:  903-534-1137
                                                EFindlay@FindlayCraft.com

                                                William E. Devitt, P.C.
                                                Matthew J. Hertko
                                                **KIRKLAND & ELLIS LLP**
                                                300 N. LaSalle St.
                                                Chicago, IL  60654
                                                Phone:  312-862-2000
                                                Fax:  312-862-2200
                                                william.devitt@kirkland.com
                                                matthew.hertko@kirkland.com

                                                *Attorneys for Defendant*
                                                NEC CORPORATION OF AMERICA, INC.


                                          By:   (filed in Case No. 11-656)
                                                Michael E. Jones (State Bar No. 10929400)
                                                Allen F. Gardner (State Bar No. 24043679)
                                                **POTTER MINTON P.C.**
                                                110 N. College Avenue, Suite 500
                                                Tyler, TX 75702
                                                Phone: (903)-597-8311
                                                Fax: (903)-593-0846
                                                mikejones@potterminton.com
                                                allengardner@potterminton.com

                                                Michael A. Berta (admitted *pro hac vice*)
                                                **ARNOLD &PORTER LLP**
                                                Three Embarcadero Center, 7th Floor
                                                San Francisco, CA 94111
                                                Phone: (415) 471-3100
                                                Fax: (415) 471-3400
                                                michael.berta@aporter.com

                                                Nicholas H. Lee (admitted *pro hac vice*)
                                                **ARNOLD &PORTER LLP**

11

777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Phone: (213) 243-4000
Fax: (213) 243-4199
nicholas.lee@aporter.com

Sara P. Zogg (admitted *pro hac vice*)
**ARNOLD &PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Phone: (202) 942-5000
Fax: (202) 942-5999
sara.zogg@aporter.com

*Attorneys for Defendants*
GOOGLE INC. and YOUTUBE, LLC,

By:   (filed in Case No. 11-657)
     L. Norwood Jameson
     Matthew C. Gaudet
     Jennifer H. Forte
     **DUANE MORRIS LLP**
     1075 Peachtree Street, Suite 2000
     Atlanta, GA 30309
     404.253.6900
     404.253.6901 (facsimile)
     wjameson@duanemorris.com
     mcgaudet@duanemorris.com
     jhforte@duanemorris.com

     Joseph A. Powers
     Jarrad M. Gunther (admitted *pro hac vice*)
     **DUANE MORRIS LLP**
     40 South 17th Street
     Philadelphia, PA 19103
     215.979.1000
     215.979.1020 (facsimile)
     japowers@duanemorris.com
     jmgunther@duanemorris.com

     Robert Christopher Bunt (State Bar No.  00787165)
     **PARKER, BUNT, & AINSWORTH, P.C.**
     100 East Ferguson, Suite 1114
     Tyler, TX 75702
     (903) 531-3535

(903) 533-9687 (facsimile)
rcbunt@pbatyler.com

*Attorneys for Defendant*
NETAPP, INC.


By:   (filed in Case No. 11-658)
      J. David Hadden (CA Bar No. 176148)
      (Admitted E.D. Texas)
      Darren Donnelly (CA Bar No. 194335)
      (Admitted E.D. Texas)
      David Schumann (CA Bar No. 223936)
      (Admitted E.D. Texas)
      Ryan Tyz (CA Bar No. 234895)
      (Admitted E.D. Texas)
      Phillip J. Haack (CA Bar No. 262060)
      (Admitted E.D. Texas)
      **FENWICK & WEST LLP**
      Silicon Valley Center
      801 California Street
      Mountain View, CA  94041

      Jennifer Haltom Doan
      Texas Bar No. 08809050
      Darby Vincent Doan
      Texas Bar No. 00793622
      **HALTOM & DOAN**
      6500 Summerhill Road, Suite 100
      Texarkana, TX  75503
      Telephone:  (903) 255-1000
      Facsimile:  (903) 255-0800
      Email:  jdoan@haltomdoan.com
      Email:  ddoan@haltomdoan.com

      *Attorneys for Defendants*
      AMAZON.COM, INC.; AMAZON WEB
      SERVICES LLC; AND DROPBOX, INC.

13

By: (filed in Case No. 11-659)
Donald Puckett (TX Bar No. 24013358)
Paul Skiermont (TX Bar No. 24033073)
Rajkumar Vinnakota (TX Bar No. 24042337)
**SKIERMONT PUCKETT LLP**
2200 Ross Avenue, Suite 4301W
Dallas, Texas 75201
(214) 978-6600
(214) 978-6601
donald.puckett@skiermontpuckett.com
paul.skiermont@skiermontpuckett.com
kumar.vinnakota@skiermontpuckett.com

*Attorneys for Defendant*
CARINGO, INC.


By: (filed in Case No. 11-660)
Michael E. Jones (State Bar No. 10929400)
**POTTER MINTON P.C.**
110 N. College Avenue, Suite 500
Tyler, TX 75702
Phone: (903)-597-8311
Fax: (903)-593-0846
mikejones@potterminton.com
William F. Lee
Cynthia D. Vreeland
Anna E. Lumelsky
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
60 State Street
Boston, MA  02109
(617) 526-6000

Robert Galvin
Cortney C. Hoecherl
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

*Attorney for Defendants and
Counterclaim-Plaintiffs* EMC CORPORATION
and VMWARE, INC.

14

By:    */s/ Bijal Vakil* (by permission)

Bijal V. Vakil (CA State Bar No.: 192878)
*(Admitted in the Eastern District of Texas)*
WHITE & CASE, LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com

Gregory L. Doll
CA State Bar No.: 193205
(*Admitted Pro Hac Vice*)
Doll Amir & Eley LLP
1888 Century Park East, Suite 1850
Los Angeles, CA  90067
Telephone: (310) 557-9100
Facsimile:  (310) 557-9101
Email: gdoll@dollamir.com

*Attorneys for Defendant*
AUTONOMY, INC.

By:    */s/ Sara P. Zogg*

Michael E. Jones (State Bar No. 10929400)
Allen F. Gardner (State Bar No. 24043679)
POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, TX 75702
Phone: (903)-597-8311
Fax: (903)-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

Michael A. Berta (admitted *pro hac vice*)
ARNOLD &PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Phone: (415) 471-3100
Fax: (415) 471-3400
michael.berta@aporter.com

Sara P. Zogg (admitted *pro hac vice*)

15

**ARNOLD &PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Phone: (202) 942-5000
Fax: (202) 942-5999
sara.zogg@aporter.com

*Attorneys for Defendants*
HEWLETT-PACKARD COMPANY,
AND HP ENTERPRISE SERVICES, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 20th day of July, 2012, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's ECF system.  Local Rule CV-5(a)(3).

*/s/ Sara P. Zogg* _____
Sara P. Zogg

1