**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> NEC CORPORATION OF AMERICA, INC. <br><br> Defendant. | **CASE NO. 6:11-CV-655 (LED)** <br> **PATENT CASE** <br> **JURY TRIAL DEMANDED** |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> NETAPP, INC. <br><br> Defendant. | **CASE NO. 6:11-CV-657 (LED)** <br> **PATENT CASE** <br> **JURY TRIAL DEMANDED** |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC <br><br> Plaintiff, <br> vs. <br><br> AMAZON.COM, INC.; AMAZON WEB SERVICES LLC; and DROPBOX, INC. <br><br> Defendants. | **CASE NO. 6:11-CV-658 (LED)** <br> **PATENT CASE** <br> **JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC § § § Plaintiff, § vs. § § CARINGO, INC. § § Defendant. § | **CASE NO. 6:11-CV-659 (LED)** **PATENT CASE** **JURY TRIAL DEMANDED** |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC § § § Plaintiff, § vs. § § EMC CORPORATION, and WMWARE, INC. § § Defendants § | **CASE NO. 6:11-CV-660 (LED)** **PATENT CASE** **JURY TRIAL DEMANDED** |
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC § § § Plaintiff, § vs. § § AUTONOMY, INC., HEWLETT-PACKARD COMPANY, AND HP ENTERPRISE SERVICES, LLC, § § § Defendant. § | **CASE NO. 6:11-CV-683 (LED)** **PATENT CASE** **JURY TRIAL DEMANDED** |
| PERSONALWEB TECHNOLOGIES, LLC. AND LEVEL 3 COMMUNICATIONS, LLC § § § Plaintiff, § vs. § § GOOGLE INC. AND YOUTUBE, LLC. § § Defendants. § | **Civil Action No. 11-cv-656 (LED)** **PATENT CASE** **JURY TRIAL DEMANDED** |

**NOTICE OF FILING JOINT BRIEF FOR ENTRY OF AN E-DISCOVERY ORDER**

On July 23, 2012, the parties filed a joint motion for entry of a discovery order. While the parties reached agreement on the content of the discovery order, they did not agree on the form of an e-discovery stipulation to accompany that order. The parties agreed to present their joint briefing on the e-discovery order to the Court and ask that the Court, after review of the briefing, enter an e-discovery order in this case.

**Plaintiff PersonalWeb's Arguments in Support of its Proposed E-Discovery Order**

PersonalWeb Technologies LLC moves for entry of the Eastern District of Texas' Model Order Regarding E-Discovery in Patent Cases (Appendix P to the Local Rules of the Eastern District of Texas). Dkt 79-2. The Court's model order adequately balances the interests of the parties in conducting timely and relevant electronic discovery. While PersonalWeb believes the Court's model order strikes the proper balance of interests for electronic discovery in these cases, Defendants propose an alternative, which deviates from the Court's model order in significant respects.

Defendants' proposed electronic discovery order would not permit any e-mail production requests until June 16, 2013 – nearly a year from today and shortly before the *Markman* hearing in this case. There is no basis for delaying e-mail production until this time, particularly when such production might reveal additional custodians with relevant information regarding case issues. The Court's model order contemplates that electronic discovery requests can be completed following the service of initial disclosures, information regarding custodians and invalidity contentions. Court's Model Order at ¶ 9. Defendants' attempt to delay e-mail production is unwarranted and will needlessly hold up discovery in this case.

1889423.1

Defendants' proposed electronic discovery order cuts significantly the number of custodians from which a party can seek e-mail production to just 3 custodians. Given the scope of the Accused Products and individuals involved in their development, this is unduly restrictive. Moreover, defendants have inserted the onerous provision that if a party requests additional custodians from the Court and the Court grants the request, "the requesting party shall bear all fees and costs associated with that collection and production." Defs. Proposal at ¶ 8. A party may discover the identity of relevant custodians, not previously disclosed or revealed, as the case proceeds. If the Court has determined that a party has demonstrated a sufficient basis for seeking additional e-mail custodians, that party should not bear the costs. Defendants' proposal is particularly unrealistic when taken in tandem with its plan to limit custodians to just 3. In contrast, the Court's model order is better suited for this case because it will enable the parties to conduct adequate e-mail discovery of identified custodians and individuals with knowledge. The Court's model order permits up to 8 custodians per producing party. Court's Model Order at ¶ 8. Moreover, the Court's order does not shift the cost to the requesting party if it successfully demonstrates that additional custodians are required based "on the size, complexity and issues of this specific case." Court's Model Order at ¶ 8.

Defendants also seek to slice by half from the Court's model order the number of search terms that can be sought from each custodian. The defendants propose just 5 search terms, while the Court's Model Order allows 10 search terms. Court's Model Order at ¶ 9. The 5 search term limit proposed by defendants would not allow for meaningful searches on issues, including but not limited to development of the accused products and knowledge of the patents-in-suit.

Defendants have included a provision limiting email production requests to "specific issues, rather than general discovery of a product or business." This provision is ambiguous, but

in any event, is an unnecessary constraint on a parties' ability to seek e-mail discovery. The parties necessarily will engage in a meet and confer process that will allow them to determine the appropriate custodians and processes. The Court's Model Order contains no such provision.

Defendants also include language requiring that a party demonstrate "good cause" before it can receive documents in native format (including for example oversized documents or spreadsheets). Parties should not have to make such a showing if they are making a reasonable request for native documents. The Court's Model Order places no similar burden.

The variations proposed by defendants are unnecessary and undo the Court's proposed model to afford the parties' sufficient but measured electronic discovery. PersonalWeb requests that the Court adopt its model order without any alterations to govern electronic discovery.

### **Defendants' Arguments in Support of their Proposed E-Discovery Order**

The main difference between the parties' competing e-discovery proposals relates to the production of email. Defendants' proposal adheres to this Court's admonition to the parties to maximize efficiencies and will streamline what is typically the most expensive component of patent litigation: discovery. "Patent cases, in particular, tend to suffer from disproportionally high discovery expenses." Ex. A, Federal Circuit Advisory Council, *An E-Discovery Model Order* 1 (2011).[1] Plaintiff's proposal, meanwhile, imposes significant burdens of searching, reviewing, and producing email—burdens that are much greater on defendants than plaintiff— with little to no benefit. PersonalWeb's proposal is another example of its attempts to conflate "streamlining" with proposals that strategically inure solely to the benefit of PersonalWeb.

---

[1] Available at http://www.cafc.uscourts.gov/2011/model-e-discovery-order-adopted-by-the-federal-circuit-advisory-counsel.html.

PersonalWeb's proposal that this Court adopt the email limitations set forth in the standard Eastern District of Texas Model Order—which can be sensibly applied in many cases—ignores the minimal relevance that email will have to these specific cases. The Federal Circuit Model Order puts email production in context:

> Most discovery in patent litigation centers on what the patent states, how the accused products work, what the prior art discloses, and the proper calculation of damages. These topics are normally the most consequential in patent cases. Thus, far reaching e-discovery, such as mass email searches, is often tangential to adjudicating these issues.

*Id*. at 2. PersonalWeb proposes that the parties exchange lists of fifteen email custodians, meet to discuss the lists, and then search and produce emails across twice as many custodians (8 vs. 3) and search terms per custodian (10 vs. 5) as defendants. *Compare* D.E. 42 Ex. 2, Pl. Proposed E-Discovery Order at ¶¶ 7-9, *with* D.E. 42 Ex. 3, Def. Proposed E-Discovery Order at ¶¶ 7-9.

But defendants' relevant information will take the form of technical documents and product/sales information—not emails. Thus, the burdens associated with identifying fifteen potential email custodians for each party, narrowing the list, and searching, reviewing, and producing emails far outweigh what little probative value emails might have in these cases. Defendants' proposal (3 custodians, 5 search terms each) gives appropriate weight to the limited relevance of email, and it includes a provision tracking the language of the Federal Circuit Model Order that limits email discovery requests to specific issues rather than for general discovery purposes. Defendants' proposal therefore strikes the appropriate balance between allowing for limited, targeted email production and minimizing the parties' burdens regarding email in a case in which email discovery will be of little, if any, relevance. If developments in the cases indicate that additional custodians or search terms are necessary, Defendants' proposal allows for an

agreement between the parties or an order by the Court to increase the custodian or search term limits.

PersonalWeb's proposal pays lip service to "streamlining" and stands in stark contrast to the significant limitations it seeks to impose on defendants with respect to other aspects of these litigations—namely, limitations on prior art references. PersonalWeb's brief in support of its proposed Docket Control Order bemoans the difficulties associated with determining what claims to assert as a justification for a premature limitation on the number of prior art references upon which defendants may rely. *See* D.E. 33. Limiting the scope of email searching and production will have a far greater effect on streamlining these litigations than limiting prior art, without any effect on the parties' ability to advance their theories and defenses. Accordingly, defendants' proposal to limit email discovery based largely upon the Federal Circuit Model Order would achieve streamlining and efficiency, and should be adopted in these cases.[2]

DATED: July 25, 2012

                                                                      Respectfully submitted,
                                                                      **McKOOL SMITH, P.C.**

                                                                      /s/ *Samuel E. Baxter*
                                                                      Samuel E. Baxter
                                                                      (sbaxter@mckoolsmith.com)
                                                                      Texas Bar No. 01938000
                                                                      104 East Houston Street, Suite 300
                                                                      P. O. Box. 0
                                                                      Marshall, Texas  75670
                                                                      Telephone:  (903) 923-9000
                                                                      Facsimile:  (903) 923-9095

                                                                      Theodore Stevenson, III
                                                                      Texas State Bar No. 19196650
                                                                      tstevenson@mckoolsmith.com
                                                                      David Sochia
                                                                      Texas State Bar No. 00797470

---

[2] Defendant NEC of America, Inc. ("NECAM") notes that the parties' e-discovery proposals also differ as to whether documents must be produced in text-searchable format. NECAM agrees with plaintiff's proposal on this point (plaintiff's Proposal ¶ 5(B)) that documents need *not* be produced in text-searchable format.

        McKool Smith, P.C.
        300 Crescent Court, Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        Steve Pollinger
        Texas State Bar No. 24011919
        spollinger@mckoolsmith.com
        McKool Smith, P.C.
        300 West Sixth Street, Suite 1700
        Austin, Texas 78701
        Telephone: (512) 692-8700
        Telecopier: (512) 692-8744

        Roderick G. Dorman (CA SBN 96908)
        rdorman@mckoolsmithhennigan.com
        Lawrence M. Hadley (CA SBN 157728)
        lhadley@mckoolsmithhennigan.com
        865 South Figueroa Street, Suite 2900
        Los Angeles, California 90017
        Telephone:  (213) 694-1200
        Facsimile:  (213) 694-1234

        *Attorneys for Plaintiff*
        *PersonalWeb Technologies LLC*

Marc M. Seltzer
State Bar No. 54534
mseltzer@susmangodfrey.com
Victoria L. Cook
vcook@susmangodfrey.com
State Bar No. 24031912
Kalpana Srinivasan
ksrinivasan@susmangodfrey.com
CA State Bar No. 237460
SUSMAN GODFREY L.L.P.
1901 Ave of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

Attorneys for Plaintiff
PersonalWeb Technologies, LLC

        By: */s/ Sara P. Zogg w/p Lawrence M. Hadley*

        Michael E. Jones (State Bar No. 10929400)
        Allen F. Gardner (State Bar No. 24043679)
        **POTTER MINTON P.C.**
        110 N. College Avenue, Suite 500
        Tyler, TX 75702
        Phone: (903)-597-8311
        Fax: (903)-593-0846
        mikejones@potterminton.com
        allengardner@potterminton.com

        Michael A. Berta (admitted *pro hac vice*)
        **ARNOLD &PORTER LLP**
        Three Embarcadero Center, 7th Floor
        San Francisco, CA 94111
        Phone: (415) 471-3100
        Fax: (415) 471-3400
        michael.berta@aporter.com

        Nicholas H. Lee (admitted *pro hac vice*)
        **ARNOLD &PORTER LLP**
        777 S. Figueroa Street, 44th Floor
        Los Angeles, CA 90017
        Phone: (213) 243-4000
        Fax: (213) 243-4199
        nicholas.lee@aporter.com

        Sara P. Zogg (admitted *pro hac vice*)
        **ARNOLD &PORTER LLP**
        555 Twelfth Street, NW
        Washington, DC 20004
        Phone: (202) 942-5000
        Fax: (202) 942-5999
        sara.zogg@aporter.com

        *Attorneys for Defendants*
        GOOGLE INC. and YOUTUBE, LLC,

        *Attorneys for Defendants*
        HEWLETT-PACKARD COMPANY,
        AND HP ENTERPRISE SERVICES, LLC

        By: <u>*/s/Eric H. Findlay w/p Lawrence M. Hadley*</u>
        Eric H. Findlay
        **FINDLAY CRAFT**
        6760 Old Jacksonville Highway, Ste. 101
        Tyler, TX 75703

Phone: 903-534-1100
Fax: 903-534-1137
EFindlay@FindlayCraft.com

William E. Devitt, P.C.
Matthew J. Hertko
**KIRKLAND & ELLIS LLP**
300 N. LaSalle St.
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
william.devitt@kirkland.com
matthew.hertko@kirkland.com

*Attorneys for Defendant*
NEC CORPORATION OF AMERICA, INC.


*/s/ Donald Puckett w/p Lawrence M. Hadley*
Donald Puckett
Texas Bar No. 24013358
Paul Skiermont
Texas Bar No. 24033073
Rajkumar Vinnakota
Texas Bar No. 24042337
SKIERMONT PUCKETT LLP
2200 Ross Avenue, Suite 4301W
Dallas, Texas 75201
(214) 978-6600
(214) 978-6601
donald.puckett@skiermontpuckett.com
paul.skiermont@skiermontpuckett.com
kumar.vinnakota@skiermontpuckett.com

*Attorneys for Defendant*
CARINGO, INC.

10

1889423.1

/s/ *Bijal V. Vakil w/p Lawrence M. Hadley*
Bijal V. Vakil (CA State Bar No.: 192878)
*(Admitted in the Eastern District of Texas)*
**WHITE & CASE, LLP**
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com

Gregory L. Doll
CA State Bar No.: 193205
(*Admitted Pro Hac Vice*)
Doll Amir & Eley LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101
Email: gdoll@dollamir.com

*Attorneys for Defendant*
AUTONOMY, INC.

1889423.1

:  /s/ *Ryan Tyz w/p/ Lawrence M. Hadley*
J. David Hadden (CA Bar No. 176148)
(Admitted E.D. Texas)
Darren Donnelly (CA Bar No. 194335)
(Admitted E.D. Texas)
David Schumann (CA Bar No. 223936)
(Admitted E.D. Texas)
Ryan Tyz (CA Bar No. 234895)
(Admitted E.D. Texas)
Phillip J. Haack (CA Bar No. 262060)
(Admitted E.D. Texas)
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Jennifer Haltom Doan
Texas Bar No. 08809050
Darby Vincent Doan
Texas Bar No. 00793622
**HALTOM & DOAN**
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: ddoan@haltomdoan.com

*Attorneys for Defendants*
AMAZON.COM, INC.; AMAZON WEB
SERVICES LLC; AND DROPBOX, INC.


*/s/ Jennifer H. Forte w/p Lawrence M. Hadley*
L. Norwood Jameson (admitted)
GA Bar No. 003970
Matthew C. Gaudet (admitted)
GA Bar No. 287789
Jennifer H. Forte (admitted)
GA Bar No. 940650
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, GA 30309
404.253.6900
404.253.6901 (facsimile)
wjameson@duanemorris.com

12

1889423.1

mcgaudet@duanemorris.com
jhforte@duanemorris.com

Joseph A. Powers
Jarrad M. Gunther (admitted *pro hac vice*)
**DUANE MORRIS LLP**
40 South 17th Street
Philadelphia, PA 19103
215.979.1000
215.979.1020 (facsimile)
japowers@duanemorris.com
jmgunther@duanemorris.com

Robert Christopher Bunt (State Bar No. 00787165)
**PARKER, BUNT, & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535
(903) 533-9687 (facsimile)
rcbunt@pbatyler.com

*Attorneys for Defendant*
NETAPP, INC.

By: */s/ Robert M. Galvin w/p Lawrence M. Hadley*
Robert M. Galvin (CA State Bar No.: 171508)
(*Admitted in the Eastern District of Texas*)
Cortney C. Hoecherl
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

William F. Lee
Cynthia D. Vreeland
Anna E. Lumelsky
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(617) 526-6000

Michael E. Jones (State Bar No. 10929400)
**POTTER MINTON P.C.**
110 N. College Avenue, Suite 500

13

Tyler, TX 75702
Phone: (903)-597-8311
Fax: (903)-593-0846
mikejones@potterminton.com

*Attorney for Defendants and
Counterclaim-Plaintiffs*
**EMC CORPORATION
andVMWARE, INC.**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A) on _____July 25, 2012_____.

                */s/ Samuel F. Baxter*_____
                Samuel F. Baxter

## **CERTIFICATE OF CONFERENCE**

  I hereby certify that, on the 25th day of July, 2012, counsel for the above-named parties met and conferred via email pursuant to Local Rule CV-7(h) regarding electronic discovery. The parties did not come to an agreement regarding the proposed stipulation.

                */s/ Samuel F. Baxter*_____
                Samuel F. Baxter

1889423.1